IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAURIE FLEMING, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED <br><br> PLAINTIFF, <br><br> v. <br><br> CERTIFIED EMS, INC. D/B/A CPNS STAFFING, CPNS STAFFING, GODSON UCHENNA KANU A/K/A UCHE KANU, INDIVIDUALLY, AND CHG CORNERSTONE HOSPITAL OF HOUSTON, L.P. D/B/A CORNERSTONE HOSPITAL OF HOUSTON- CLEAR LAKE AND CORNERSTONE HOSPITAL OF HOUSTON- BELLAIRE. <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. _____ <br><br> COLLECTIVE ACTION <br> (JURY DEMANDED) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Laurie Fleming ("Plaintiff" or "Ms. Fleming"), on behalf of herself and all others similarly situated, files this Original Complaint against Certified EMS, Inc. d/b/a CPNS Staffing, CPNS Staffing, Godson Uchenna Kanu a/k/a Uche Kano, individually, and CHG Cornerstone Hospital of Houston, L.P. d/b/a Cornerstone Hospital of Houston- Clear Lake and Cornerstone Hospital of Houston- Bellaire (collectively, "Defendants") and in support thereof would show as follows:

## I. INTRODUCTION

1.1     Certified EMS, Inc. d/b/a CPNS Staffing and CPNS Staffing (collectively "CPNS") is a medical staffing agency that provides registered nurses, licensed vocational nurses, certified

nursing associates and allied healthcare technicians (including psych techs) in the healthcare industry.  CPNS manages these same employees at the various hospitals and medical facilities where it assigns them to work.  They are employees of CPNS.

1.2     CHG Cornerstone Hospital of Houston, L.P. d/b/a Cornerstone Hospital of Houston- Clear Lake and Cornerstone Hospital of Houston- Bellaire (collectively, "Cornerstone Hospital of Houston") enters into contracts with staffing companies to provide non-exempt hourly-paid employees to Cornerstone Hospital of Houston.  With respect to these employees, Cornerstone Hospital of Houston shares or co-determines their terms and conditions of employment.

1.3     Cornerstone Hospital of Houston has a staffing contract with CPNS.  Employees placed by CPNS to work for Cornerstone Hospital of Houston are under the common control of CPNS and Cornerstone Hospital of Houston.  A joint employment relationship exists between CPNS and Cornerstone Hospital of Houston for purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.4     Plaintiff, a registered nurse, is a former non-exempt employee of Defendants, who was staffed by CPNS to perform work for Cornerstone Hospital of Houston, among other hospitals and medical facilities.  Plaintiff was paid on an hourly basis by Defendants.  Plaintiff worked more than forty (40) hours in a work week for Defendants, but was not paid the overtime rate of pay.  Plaintiff was not compensated on a salary basis.

1.5     CPNS does not compensate its non-exempt employees at a rate of time and a half their regular rate of compensation for all hours worked in excess of forty (40) hours in a work week.  Instead, CPNS has a written policy and/or implemented practice of paying its non-exempt employees for overtime hours at most at their regular rate of pay.

1.6     Non-exempt employees placed by a staffing company to work for Cornerstone Hospital of Houston are not compensated by Cornerstone Hospital of Houston at a rate of time and a half their regular rate of compensation for all hours worked in excess of forty (40) hours in a work week.  Instead, Cornerstone Hospital of Houston has a written policy and implemented practice of paying these non-exempt employees for overtime hours at their regular rate of pay.

1.7     Plaintiff brings this action individually and on behalf of all current and former non-exempt employees who worked for CPNS or who were placed by a staffing company, including but not limited to CPNS, to work for Cornerstone Hospital of Houston in Texas in the three years preceding the filing of this lawsuit.  Plaintiff seeks to recover overtime compensation, other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the FLSA.

1.8     Plaintiff and all others similarly situated demand a jury trial.

## II.  PARTIES

A.     **PLAINTIFF**

2.1     Within the last two years, Laurie Fleming was employed by Defendants within the meaning of the FLSA as a non-exempt employee in Texas.  Ms. Fleming was employed by CPNS from July 31, 2007 to August 31, 2017.  Ms. Fleming was staffed by CPNS to perform work for Cornerstone Hospital of Houston from May 2014 to July 2015.  Ms. Fleming's Notice of Consent is attached hereto and is being filed herewith.

2.2     The "CPNS Class Members" are all current and former non-exempt hourly-paid employees who worked for CPNS in Texas during the three-year period preceding the filing of this Complaint through the present.

2.3     The "Cornerstone Class Members" are all current and former non-exempt hourly-paid employees who were placed by a staffing company to work for Cornerstone Hospital of Houston in Texas during the three-year period preceding the filing of this Complaint through the present.

2.4     Like Plaintiff, CPNS Class Members and Cornerstone Class Members engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendants.  These collective action members are referred to as "similarly situated."

**B.    DEFENDANTS**

2.5     CPNS is a Texas for-profit corporation that does business in the State of Texas and Houston.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas.  Pursuant to TEX. CIV. PRAC. REM. CODE § 17.023(b), CPNS may be served with Summons and this Complaint through its registered agent: Uche Kanu at 9314 Summerbell Lane, Houston, Texas 77074.

2.6     Godson Uchenna Kanu a/k/a Uche Kano is the President and Director of CPNS.  Mr. Kano acted, directly or indirectly, in the interest of CPNS with respect to Ms. Fleming.  Mr. Kano may be served with Summons and this Complaint at 9314 Summerbell Lane, Houston, Texas 77074.

2.7     CHG Cornerstone Hospital of Houston, L.P. is a Texas limited partnership that does business in the State of Texas and Houston.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas.  Pursuant to TEX. CIV. PRAC. REM. CODE § 17.023(b), CHG Cornerstone Hospital of Houston, L.P. may be served with Summons and this Complaint through its registered agent: CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.8     CHG Cornerstone Hospital of Houston, L.P. does business in Texas as Cornerstone Hospital of Houston- Clear Lake and Cornerstone Hospital of Houston- Bellaire.

2.9     Cornerstone Hospital of Houston- Clear Lake may be served with process *via* the District Clerk, *via* certified mail, return receipt requested at 709 W. Medical Center Blvd., Webster, Texas 77598.

2.10    Cornerstone Hospital of Houston- Bellaire may be served with process *via* the District Clerk, *via* certified mail, return receipt requested at 5314 Dashwood Dr., Houston, Texas 77081.

2.11    CPNS is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.12    Cornerstone Hospital of Houston is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.13    During the relevant period to this action, CPNS was an employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

2.14    During the relevant period to this action, Cornerstone Hospital of Houston was an employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

2.15    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

### III. JURISDICTION AND VENUE

3.1     Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by

the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2　　Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because, among other reasons, Defendants are residents of and are doing business in this District.

## IV. FACTUAL BACKGROUND

**A.　CPNS**

4.1　　CPNS is a healthcare staffing agency that provides registered nurses, licensed vocational nurses, certified nursing associates and allied healthcare technicians (including psych techs) in the healthcare industry.

4.2　　CPNS manages these same employees at the various hospitals and medical facilities where it assigns them to work.  They are employees of CPNS.  Among other things:

    a.　　CPNS controls the hours to be worked;

    b.　　CPNS directs the work to be performed;

    c.　　CPNS maintains constant communication with its placed employees while they perform work at the various hospitals and medical facilities where they are assigned by CPNS to work;

    d.　　CPNS maintains records of hours and handles payroll.

**B.　CORNERSTONE HOSPITAL OF HOUSTON**

4.3　　Cornerstone Hospital of Houston enters into contracts with staffing companies to provide non-exempt hourly-paid employees to Cornerstone Hospital of Houston.

4.4　　With respect to these employees, Cornerstone Hospital of Houston shares or co-determines their terms and conditions of employment.  Among other things:

    a.　　Cornerstone Hospital of Houston hires and fires;

      b.      Cornerstone Hospital of Houston administers disciplinary procedures;

      c.      Cornerstone Hospital of Houston provides training;

      d.      Cornerstone Hospital of Houston sets work schedules;

      e.      Cornerstone Hospital of Houston approves time sheets;

      f.      Cornerstone Hospital of Houston maintains records of hours;

      g.      Cornerstone Hospital of Houston determines rate and method of payment;

      h.      Cornerstone Hospital of Houston assigns and controls daily tasks;

      i.      Cornerstone Hospital of Houston supervises work performed;

      j.      Cornerstone Hospital of Houston provides work equipment; and,

      k.      Cornerstone Hospital of Houston requires placed employees to abide by its employee manual and policies and procedures.

4.5    Non-exempt hourly-paid employees placed by staffing companies to work for Cornerstone Hospital of Houston are under the common control of the staffing company and Cornerstone Hospital of Houston. These employees are jointly employed by the staffing company and Cornerstone Hospital of Houston.

4.6    Cornerstone Hospital of Houston has a staffing contract with CPNS.

4.7    CPNS and Cornerstone Hospital of Houston formed a joint employment relationship with respect to non-exempt hourly-paid employees placed by CPNS to work for Cornerstone Hospital of Houston.

4.8    As joint employers, CPNS and Cornerstone Hospital of Houston are jointly and severally liable for all damages suffered by such employees.

**C.**    **Plaintiff**

4.9    Plaintiff, a registered nurse, is a former non-exempt employee of Defendants, who

was staffed by CPNS to perform work at, among other hospitals and medical facilities in Texas, Cornerstone Hospital of Houston.

4.10   CPNS and Cornerstone Hospital of Houston formed a joint employment relationship with respect to Plaintiff.

4.11   CPNS and Cornerstone Hospital of Houston shared or co-determined Plaintiff's terms and conditions of employment.

4.12   Plaintiff was treated and held out by Defendants as an employee of Defendants and Plaintiff performed job duties which reflected such status.

4.13   Plaintiff was paid on an hourly basis by Defendants.

4.14   Plaintiff's timesheets reflect that she regularly worked more than forty (40) hours per work week.

4.15   Although CPNS required Plaintiff to work more than forty (40) hours per work week, CPNS did not compensate Plaintiff at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  That is, CPNS did not compensate Plaintiff for overtime hours at the appropriate rate.

4.16   Likewise, although Cornerstone Hospital of Houston required Plaintiff to work more than forty (40) hours per work week, Cornerstone Hospital of Houston did not compensate Plaintiff at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  That is, Cornerstone Hospital of Houston did not compensate Plaintiff for overtime hours at the appropriate rate.

4.17   By way of example only, during the work week ending April 26, 2015, Plaintiff worked in excess of forty hours.  This is reflected in Ms. Fleming's payroll records for that pay period.  Plaintiff's payroll records for that pay period reflect that she was not compensated at the

FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week. Instead, for her overtime hours, Defendants paid Ms. Fleming her regular rate of pay.

4.18   Plaintiff was not guaranteed a minimum weekly amount paid on a salary basis regardless of the number of hours, days or shifts she worked.

4.19   No FLSA exemption applies to hourly-paid employees who performed the job duties of Plaintiff.

4.20   Plaintiff was a nonexempt employee entitled to overtime wages under the FLSA.

4.21   During the relevant period, Defendants have been subject to the requirements of the FLSA.

4.22   CPNS failed to comply with the FLSA in that Plaintiff performed services for CPNS, and was not properly compensated for those hours worked in excess of forty (40) hours within a work week. Plaintiff was not paid at one and one-half of her regular rate of pay for all hours worked in excess of forty (40) per work week as required by the FLSA.

4.23   Mr. Kanu is CNPS' President and Director. Mr. Kanu has a substantial financial interest in CPNS and is directly involved in:

    a.   the hiring, discipline and firing of CPNS employees;

    b.   the day-to-day operations of CPNS as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by CPNS employees;

    c.   CPNS' finances; and

    d.   corporate decisions.

4.24   Cornerstone Hospital of Houston failed to comply with the FLSA in that Plaintiff performed services for Cornerstone Hospital of Houston, and was not properly compensated for those

hours worked in excess of forty (40) hours within a work week. Plaintiff was not paid at one and one-half of her regular rate of pay for all hours worked in excess of forty (40) per work week as required by the FLSA.

4.25   The conduct of Defendants, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiff.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2   Other employees similarly situated to Plaintiff were not paid overtime for all hours worked in excess of forty (40) per work week as required by the FLSA.

5.3   Such workers worked more than forty (40) hours per work week during at least one week in the last three years.

5.4   Like Plaintiff, such workers were not paid overtime for all hours worked in excess of forty (40) per work week.

5.5   Like Plaintiff, such workers perform or have performed responsibilities that do not fall under any applicable exemption.

5.6   Such workers are not exempt from receiving overtime pay under the FLSA.

5.7   As such, such workers are similar to Plaintiff in terms of pay structure and/or the denial of overtime pay.

5.8   These other similarly situated employees are being denied and have been denied their lawful wages.

5.9   CPNS' pattern or practice of failing to pay its employees overtime pay (at time and one-half) as required by the FLSA results from CPNS' general application of policies and

practices, and does not depend on the personal circumstances of Plaintiff and those similarly situated.

5.10    Cornerstone Hospital of Houston's pattern or practice of failing to pay its employees overtime pay (at time and one-half) as required by the FLSA results from Cornerstone Hospital of Houston's general application of policies and practices, and does not depend on the personal circumstances of Plaintiff and those similarly situated.

5.11    The specific job titles or precise job responsibilities of each similarly situated employee does not prevent collective treatment.

5.12    All similarly situated employees, irrespective of their particular job requirements, are entitled to overtime compensation for all hours worked in excess of forty (40) during a work week.

5.13    As such, the "CPNS Class" of similarly situated plaintiffs is properly defined as follows:

> **All current and former non-exempt hourly-paid employees who worked for CPNS in Texas during the three-year period preceding the filing of this Complaint through the present who worked more than forty (40) hours in a work week for CPNS, but were not paid the overtime rate of pay for all hours worked in excess of forty (40) hours in a work week.**

5.14    As such, the "Cornerstone Class" of similarly situated plaintiffs is properly defined as follows:

> **All current and former non-exempt hourly-paid employees who were placed by a staffing company to work for Cornerstone Hospital of Houston in Texas during the three-year period preceding the filing of this Complaint through the present who worked more than forty (40) hours in a work week for Cornerstone Hospital of Houston, but were not paid the overtime rate of pay for all hours worked in excess of forty (40) hours in a work week.**

5.15    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

5.16 Plaintiff requests that Defendants fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed.

5.17 Plaintiff seeks equitable tolling to protect the rights of those similarly situated.

5.18 Plaintiff seeks to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.19 Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.20 Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated. Plaintiff has retained counsel competent and experienced in complex wage and hour matters and collective actions.

## FIRST CAUSE OF ACTION

### Failure to Pay Overtime
### (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)
### On Behalf of Plaintiff and the CPNS Class

6.1 Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2 Plaintiff and the CPNS Class Members are non-exempt employees employed by CPNS.

6.3 Plaintiff and the CPNS Class Members are entitled to overtime pay at a rate of time and one-half for all hours in excess of forty (40) hours worked during each seven-day work week.

6.4 CPNS has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and the CPNS Class Members overtime compensation at a rate of time and one-half for all hours worked in excess of 40 hours per work week.

6.5     CPNS has not made a good faith effort to comply with the FLSA.

6.6     No exemption excused CPNS from paying Plaintiff and the CPNS Class Members overtime pay for all of the hours worked over forty (40) per work week.

6.7     Rather, CPNS knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiff and the CPNS Class Members.

6.8     Plaintiff and the CPNS Class Members seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.)**
**On Behalf of Plaintiff and the Cornerstone Class**

6.9     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.10    Plaintiff and the Cornerstone Class Members are non-exempt employees who were placed by a staffing company to work for Cornerstone Hospital of Houston.

6.11    Plaintiff and the Cornerstone Class Members are entitled to overtime pay at a rate of time and one-half for all hours in excess of forty (40) hours worked during each seven-day work week.

6.12    Cornerstone Hospital of Houston has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and the Cornerstone Class Members overtime compensation at a rate of time and one-half for all hours worked in excess of 40 hours per work week.

6.13    Cornerstone Hospital of Houston has not made a good faith effort to comply with the FLSA.

6.14    No exemption excused Cornerstone Hospital of Houston from paying Plaintiff and the Cornerstone Class Members overtime pay for all of the hours worked over forty (40) per work week.

6.15    Rather, Cornerstone Hospital of Houston knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiff and the Cornerstone Class Members.

6.16    Plaintiff and the Cornerstone Class Members seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. JURY DEMAND

7.1    Plaintiff and all others similarly situated hereby demand a trial by jury.

## PRAYER

WHEREFORE Plaintiff and all those similarly situated to her who have or will opt into this action, respectfully prays that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiff and all others who opt-in to this action recover the following:

a.   an order preliminarily and permanently restraining and enjoining Defendants from engaging in the aforementioned pay violations;

b.   damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

c. liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

d. all applicable penalties for the violations set forth herein;

e. an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiff and all those similarly situated;

f. an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g. such other and further relief, at law or in equity, as this Court deems just and appropriate.

Case 4:17-cv-03796   Document 1   Filed on 12/18/17 in TXSD   Page 15 of 16

Respectfully submitted,

*/s/ J. Moises Cedillos*
J. Moises Cedillos, Attorney-in-Charge
State Bar No. 24080828
Southern District I.D. No. 1531827
CEDILLOS LAW FIRM, PLLC
3801 Kirby Drive, Suite 510
Houston, Texas 77098
Telephone: (832) 900-9456
Facsimile: (832) 900-9456
moises@cedilloslaw.com

John M. Padilla
State Bar No. 00791395
Southern District I.D. No. 19236
PADILLA & RODRIGUEZ, L.L.P.
5433 Westheimer, Suite 825
Houston, Texas 77056
Telephone: (713) 574-4600
Facsimile: (713) 574-4601
jpadilla@pandrlaw.com

**ATTORNEYS FOR PLAINTIFF**